11-1589; 11-1285
Sollins; Lambrechet v. O'Neal

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at New York Law School, 185 West Broadway, in the City of New York, on the 4th day of December, two thousand twelve.

PRESENT: DENNIS JACOBS,
                            <u>Chief Judge</u>,
          ROBERT A. KATZMANN,
          DEBRA A. LIVINGSTON,
                            <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - -X
N.A. LAMBRECHT, Derivatively on
Behalf of Nominal Defendant BANK OF
AMERICA CORPORATION and Double
Derivatively on Behalf of Nominal
Defendant MERRILL LYNCH & CO., INC.,

        <u>Plaintiff-Appellant</u>,

        -v.-                                    11-1285

E. STANLEY O'NEAL, AHMASS L.
FAKAHANY, GREGORY J. FLEMING, DO WOO
"DOW" KIM, OSMAN SEMERCI, DOUGLAS J.
MALLACH, JOHN A. THAIN, KENNETH D.
LEWIS, BRIAN T. MOYNIHAN, JOSEPH L.

1

PRICE, GREGORY L. CURL, and JEFFREY N. EDWARDS,

       <u>Defendants-Appellees</u>

       -and-

MERRILL LYNCH & CO., INC., and BANK OF AMERICA CORPORATION,

       <u>Nominal Defendants-Appellees</u>.

- - - - - - - - - - - - - - - - - - - -X

S. LEONARD SOLLINS, as representative for the estate of MIRIAM LOVEMAN, Derivatively on Behalf of Nominal Defendant BANK OF AMERICA CORPORATION and Double Derivatively on Behalf of Nominal Defendant MERRILL LYNCH & CO., INC.,

       <u>Plaintiff-Appellant</u>,

       -v.-                       11-1589

E. STANLEY O'NEAL, JOHN A. THAIN, AHMASS L. FAKAHANY, GREGORY J. FLEMING, JEFFREY N. EDWARDS, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, and AULANA L. PETERS,

       <u>Defendants-Appellees</u>

       -and-

BANK OF AMERICA CORPORATION and MERRILL LYNCH & CO., INC.,

       <u>Nominal Defendants-Appellees</u>.

- - - - - - - - - - - - - - - - - - - -X

2

**FOR APPELLANT LAMBRECHT:**   Jonathan W. Cuneo, Cuneo Gilbert & Laduca, LLP, Washington D.C. (Matthew E. Miller, Cuneo Gilbert & Laduca, LLP, Washington D.C.; Richard D. Greenfield, Greenfield & Goodman LLC, New York, NY; Adam Balick, Balick & Balick, LLC, Wilmington, DE; Bartholemew J. Dalton, Dalton & Associates, Wilmington, DE, <u>on the brief</u>).

**FOR APPELLANT SOLLINS:**   David A.P. Brower, Brower Piven, P.C., New York, NY.

**FOR APPELLEES:**   Jay B. Kasner, Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY (Paul J. Lockwood, Scott D. Musoff, Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY; Gregory A. Markel, Cadwalader, Wickersham & Taft LLP, New York, NY; Michael J. Chepiga and Sarah L. Dunn, Simpson Thacher & Bartlett LLP, New York, NY; Jonathan D. Polkes and Stephen A. Radin, Weil Gotshal & Manges LLP, New York, NY; Richard D. Bernstein, Willkie Farr & Gallagher LLP, Washington D.C.; James C. Dugan, Willkie Farr & Gallagher LLP, New York, NY; Andrew J. Levander and David S. Hoffner, Dechert LLP, New York, NY; James N. Benedict, Milbank, Tweed, Hadley & McCloy LLP, New York, NY; William Michael Moran, McCarter & English, LLP, New York, NY; Andrew J. Ceresney and Colby A. Smith, Debevoise & Plimpton LLP, Washington, DC; Lucia Chapman, Law Office of Henry Putzel, III, New York, NY; Richard D. Winberg

and Eli J. Mark, Morvillo, Abramowitz, Grand, Iason, Anello & Bohrer, P.C., New York, NY; Hollis Gonerka Bart, Brian Dunefsky, and Chaya Weinberg-Brodt, Withers Bergman LLP, New York, NY; William H. Jeffress, Julia Evans Guttman, and Maureen P. Reid, Baker Botts LLP, New York, NY; Richard M. Strassberg and Mary K. Dulka, Goodwin Procter LLP, New York, NY, <u>on the brief</u>)

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

N.A. Lambrecht and S. Leonard Sollins appeal an order of the district court dismissing two double derivative actions brought on behalf of Bank of America Corporation ("BofA") and its wholly owned subsidiary Merrill Lynch & Co. ("Merrill") following a merger of the two companies on January 1, 2009 ("the Merger"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review dismissals pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure <u>de novo</u>. <u>See</u> <u>Velez v. Levy</u>, 401 F.3d 75, 84 (2d Cir. 2005). Where "determination of the sufficiency of allegations of futility depends on the circumstances of the individual case, the standard of review for dismissals based on Fed. R. Civ. P. 23.1 is abuse of discretion."[1] <u>Halebian v. Berv</u>, 590 F.3d 195, 203 (2d Cir.

---

[1] Lambrecht and Sollins challenge our use of an abuse of discretion standard for assessing the sufficiency of allegations under Rule 23.1 and instead urge that <u>de novo</u> review is more appropriate here. We decline to decide the issue, as the appellants' claims would fail under either standard.

2009) (citation omitted).  Under Rule 23.1, a plaintiff must "state with particularity . . . any effort by the plaintiff to obtain the desired action from the directors or comparable authority . . . and . . . the reasons for not obtaining the action or not making the effort."  Fed. R. Civ. P. 23.1(b)(3).

On March 28, 2011, the United States District Court for the Southern District of New York (Rakoff, J.) dismissed Sollins' and Lambrecht's complaints for different, but related, reasons.  The court determined, first, that Sollins--whose predecessor-in-interest filed the action without making pre-suit demand upon the Board--had failed to establish demand futility.  The court also held that Lambrecht, who made three demands upon the BofA Board, was unable to show that the Board had wrongfully refused her request to pursue claims against Merrill's former officers and directors.  We see no error in those rulings.

In a post-merger double derivative action, "the claim is now (post merger) the property of the acquiring corporation, [and] that corporation is now the only party with standing to enforce the claim."  Lambrecht v. O'Neal, 3 A.3d 277, 284 (Del. 2010).[2]  Accordingly, a "double derivative suit cannot go forward except in the unusual case where the parent company board is shown to be incapable of deciding impartially whether or not to enforce the claim that the parent company now (indirectly) owns."  Id. at 290.  To satisfy this standard, a plaintiff must put forth particularized allegations that "create a reasonable doubt that, as of the time the complaint is filed, the board of directors could have properly exercised its independent and disinterested business judgment in responding to a demand."  Rales v. Blasband, 634 A.2d 927, 934 (Del. 1993).

Notwithstanding Sollins' arguments to the contrary, "[d]emand futility analysis is conducted on a claim-by-claim basis."  Beam v. Stewart, 833 A.2d 961, 977 n.48 (Del. Ch. 2003), aff'd, 845 A.2d 1040 (Del. 2003).  Thus, "[e]ach derivative claim for which no demand was made on the board must be evaluated independently to determine whether demand

---

[2] The parties agree that Delaware law governs our substantive legal analysis.

5

was futile as to that claim." MCG Capital Corp. v. Maginn, No. 4521-CC, 2010 WL 1782271, at *7 (Del. Ch. May 5, 2010). Sollins brought five claims relating to BofA's activities in connection with the Merger, but these claims were dismissed as part of a settlement. The majority of the remaining claims (Counts I - XI) relate to Merrill's pre-Merger investment activities, while one claim (Count XII) relates to Merrill's distribution of approximately $3.4 billion in employee bonuses in 2008.

Sollins suggests that BofA became "complicit" in the wrongdoing relating to Merrill's pre-Merger forays into the subprime market by agreeing to allow Merrill to pay bonuses at 2007 levels; agreeing to indemnify each present and former director of Merrill for pre-Merger misconduct; approving the Merger without determining the amount of Merrill's growing losses; failing to fully inform investors of these losses; and consummating the Merger despite grave reservations about Merrill's financial position. But Sollins' arguments are misplaced. Sollins could have, and did, assert claims based on the above-described actions that the BofA Board took when entering into the Merger with Merrill. Those claims settled. As the district court correctly stated, Sollins cannot simply bootstrap his subprime claims against Merrill onto these Merger-related allegations against BofA in an attempt to circumvent the demand requirement. See In re Bear Stearns Cos., Inc. Sec., Derivative, and ERISA Litig., No. 08-MDL-1963, 2011 WL 4063685, at *5 (S.D.N.Y. Sept. 13, 2011) (rejecting plaintiff's argument that "the JPMorgan Board was complicit in and ratified the wrongdoing at Bear Stearns" in attempting to justify its failure to make demand on the JPMorgan Board).

In any event, because BofA's directors are protected by an exculpatory provision in the company's articles of incorporation, Sollins cannot demonstrate even a "mere threat of personal liability" facing the BofA Board for Merrill's alleged pre-Merger misconduct, let alone a "substantial likelihood." Rales, 634 A.2d at 936.

Sollins' demand futility argument with respect to Count XII is a bit more troublesome. Unlike the wrongful acts alleged in Counts I through XI, in which the BofA Board clearly had no involvement, Count XII asserts a claim for

6

corporate waste in connection with the 2008 bonuses, which were a subject of pre-Merger negotiations between the Merrill and BofA Boards. In addition, a district court in this circuit has concluded that the BofA Board faced a substantial likelihood of liability under Section 14(a) and Rule 14a-9 of the Exchange Act for its alleged failure to adequately disclose these bonuses to shareholders in an October 31, 2008 joint proxy statement. See In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig., 757 F. Supp. 2d 260, 329-31 (S.D.N.Y. 2010) (Castel, J.).

But the case before Judge Castel arose in a different context. There, BofA shareholders filed direct and derivative claims against the BofA Board for, inter alia, alleged misstatements and omissions in the 2008 joint proxy, whereas here Merrill shareholders seek to assert claims against the Merrill Board for corporate waste. Even assuming that the BofA Board would be unable to impartially assess certain disclosure allegations being brought against BofA's officers and directors, that assumption is insufficient here to demonstrate the BofA Board's inability to consider claims against the Merrill Board for its pre-Merger bonus distribution scheme. Due to the strong possibility that the BofA Board could pursue a claim against the Merrill Board for corporate waste without substantially undermining its ability to defend against disclosure allegations under Section 14(a), Sollins has not shown a "substantial likelihood of director liability." Aronson v. Lewis, 473 A.2d 805, 815 (Del. 1984). Accordingly, the connection between Count XII and any disclosure-related liability facing the BofA Board is too attenuated to excuse demand under these circumstances.

As to Lambrecht's arguments, a board's refusal to act on a shareholder's demands is analyzed under the business judgment rule. Levine v. Smith, 591 A.2d 194, 200 (Del. 1991), overruled on other grounds, Brehm v. Eisner, 746 A.2d 244 (Del. 2000). That rule establishes "a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." Aronson, 473 A.2d at 812 (citing Kaplan v. Centex Corp., 284 A.2d 119, 124 (Del. Ch. 1971)). To overcome this presumption, a plaintiff must "carry the considerable burden of showing that the decision not to

7

bring the lawsuit was made in bad faith or was based on an unreasonable investigation." RCM Sec. Fund, Inc. v. Stanton, 928 F.2d 1318, 1328 (2d Cir. 1991).

Lambrecht's claims do not surmount this high bar. By making a demand upon the Board, she has conceded the Board's independence. See Rales v. Blasband, 634 A.2d 927, 935 n.12 (Del. 1993). This independent Board delegated the task of investigating Lambrecht's claims to an audit committee, which ultimately concluded that it was not in the company's best interests to pursue Lambrecht's claims. In particular, the committee cited [i] the possible compromise of pending litigation and ongoing government inquiries involving BofA; and [ii] the low probability of recovery against Merrill's former directors and officers in light of an exculpatory clause in Merrill's certificate of incorporation and the difficulty of prevailing on a Caremark claim under Delaware law. Given the foregoing, the district court was well within its discretion in concluding that Lambrecht failed to demonstrate that the Board either acted in bad faith or conducted an unreasonable investigation.

Finding no merit in either Lambrecht's or Sollins' remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:

CATHERINE O'HAGAN WOLFE, CLERK